C. F. von Herrmann, Jr., in Behalf of Charles F. and Vivian H. von Herrmann v. Commissioner.
C. F. von Herrmann v. Commissioner
Docket No. 18423.
United States Tax Court
1950 Tax Ct. Memo LEXIS 285; 9 T.C.M. (CCH) 91; T.C.M. (RIA) 50032; February 1, 1950
*285 C. F. von Herrmann, Jr., pro se. S. Earl Heilman, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income tax for the calendar year 1944. Deficiency was determined in the amount of $277.77. The only question at issue is whether the petitioner is entitled to deduction of $720 because of dependent children. This in turn depends upon whether the petitioner furnished more than half of the support of such children. Findings of Fact The petitioner and his wife, Vivian H. von Herrmann, live at Birmingham, Alabama. They filed a joint Federal income tax return for the calendar year 1944 with the collector of the district of Alabama. During that year the petitioner C. F. von Herrmann had three minor children, boys, by a former wife, Isabella King von Herrmann. They were Charles, Henry and Byard von Herrmann, aged seven, five and four years. They lived with their mother at Atlanta, Georgia. Their maternal aunt, Miss Josephine King, and grandmother, Mrs. Henry B. King, also lived in the same house. It was a six room brick veneer house, about two years old. It belonged to Mrs. Henry B. King. The family had no automobile, *286 nor servants. During the year 1944 C. F. von Herrmann paid $720 for the support of the three children. This was under the order of a divorce court to pay $60 a month for their support; also $27 a month alimony to the former wife. He furnished nothing else. His former wife worked during 1944. For about the first month her salary was $160 a month; thereafter about $175 until about September 1944, after which it was again $160 a month. Josephine King earned a salary of about $115 a month and contributed something to the household. He visited the children several times during the year. No child was in the hospital during the year, and there was no medical expense except for one or two colds. The oldest child was in a country school the entire school year; the second child during the second term. No tuition was required. Petitioner's mother and father furnished nothing, during 1944, toward support of the minor children, exept a few toys and a garment for each child. Isabella King von Herrmann had, in 1944, no savings from her earnings, and did not pay for everything she purchased that year. She paid no attorney's fees. Opinion The petitioner claims deduction of $240 for each of the *287 children as a dependent. Under Section 25 (b) (1) (C) (3), a dependent means (so far as here concerned) a child over half of whose support was received from the taxpayer. It is obvious that such showing was not here made. The petitioner paid $240 for the support of each child, but what their entire support of the year was in nowise appears of record. The only indication is against petitioner's contention for if the mother, earning at least $160 a month in 1944, had no savings therefrom but had debts, it is altogether possible that the support of the children cost more than twice the $720 paid by the petitioner. The grandmother furnished a home. Petitioner had a theory that only about $1,137 was spent for the children's support, but proof thereof was not made. The record does not show the cost of supporting the children. Therefore, for lack of proof Decision will be entered for the Respondent.